**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-24183-CIV-LENARD/LOUIS**

**SAINT TONY LLC, a Florida**
**Limited Liability Company,**

      **Plaintiff,**

**v.**

**MAVERICK BOAT GROUP, INC., a**
**Florida Corporation, and SUPER BOATS**
**& YACHTS LLC, d/b/a MARINE CONNECTION**
**Florida Limited Liability Company,**

      **Defendants.**

_____/

**FIRST AMENDED COMPLAINT**

    Plaintiff, SAINT TONY, LLC (hereinafter, "Saint Tony") by and through undersigned counsel, hereby submits its Complaint against Defendants, MAVERICK BOAT GROUP, INC (hereinafter, "Maverick Boat Group") and SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION (hereinafter, "Marine Connection"), and alleges as follows:

**PRELIMINARY STATEMENT**

    1.  This is an action for the breach of implied warranties under state and federal law against the manufacturer, MAVERICK BOAT GROUP, INC, and the seller, BOATS & YACHTS LLC d/b/a MARINE CONNECTION, of a new 2020 Cobia Model 330 DC Vessel VIN CBADF001A020, (hereinafter, the "Vessel").

    2.  This is also an action for revocation of acceptance against Marine Connection.

    3.  This is also an action for unjust enrichment against Marine Connection, in the alternative.

1

4.  Plaintiff seeks to recover damages including, but not limited to, all monies paid for the Vessel, consequential damages, and attorney fees and costs.

## I. THE PARTIES

5.  Plaintiff, SAINT TONY LLC, is a limited liability company with a principal place of business in Key-Biscayne, Florida.

6.  Defendant, MAVERICK BOAT GROUP, INC., is a Florida corporation with a principal place of business located at 3207 Industrial 29th Street Ft. Pierce, Fl 34946.

7.  The Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, is a Florida limited liability company with a principal place of business located at 2807 South Military Trail West Palm Beach, Fl 33415.

## II. JURISDICTION AND VENUE

8.  This is an action within the Court's original jurisdiction pursuant to 28 U.S.C §1331 in that is an action asserting claims arising under federal law, The Magnuson- Moss Warranty Act, 15 U.S.C. §2301, *et seq*, and this is an action for damages in excess of $50,000.00 exclusive of interest, costs, and attorney's fees.

9.  This Court has supplemental jurisdiction over Plaintiff's state law claims arising under statutory and common law pursuant to 28 U.S.C. §1338(b) because those claims are joined with substantial and related claims under federal law. This Court also has subject matter jurisdiction over those claims pursuant to 28 U.S.C §1367 because Plaintiff's state law claims are interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the adjudication of Plaintiff's state law claims with Plaintiff's federal claims furthers the interest of judicial economy.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this jurisdiction.

### III. RELEVANT FACTS

11. In August of 2020, Plaintiff discussed and negotiated the purchase of a new Cobia brand fishing boat with Cobia's authorized dealer, Marine Connection.

12. On or about August 4, 2020, Plaintiff was provided with the Buyer's Order setting out the specifications and other information concerning its purchase of a new 2020 Cobia Model 330 DC (hereinafter, the "Vessel") with Marine Connection. *See Buyer's Order* attached as **Exhibit A**.

13. The Buyer's Order references the sale of a vehicle, used car buyer notice, and motor vehicle rather than the sale of a boat. *See* **Exhibit A**.

14. Buyer's Order includes the following statement attempting to disclaim all express and implied warranties:

> We make no express or implied warranties. Except as require by the law, we make no implied warranty of merchantability and no warranty that the Vehicle is fit for particular purpose. We sell the Vehicle AS IS- NOT EXPRESSLY WARRANTED OR GUARANTEED, WITH ALL FAULTS. If this is a new vehicle, the Vehicle is subject to a standard written manufacturer's warranty. This warranty is made by the manufacturer and not by us. Used Car Buyer Notice. If you are buying a used vehicle, the information you see on the window form for this Vehicle is a part of this contract.

Exhibit A, p. 2.

15. Buyer's Order also incorporates the terms of any financing agreement stating: "In the event that you and we enter into a retail installment contract for the financing of the Vehicle, the

terms of the retail installment contract will control any inconsistencies between this Contract and the retail installment contract." *See* **Exhibit A**.

16.  On or about August 8, 2020, the Vessel was delivered to its home berth in Islamorada.

17.  On or about August 14, 2020, Plaintiff entered into a Retail Installment Contract and Security Agreement with Marine Connection (hereinafter, "Retail Installment Contract"). *See Retail Installment Contract and Security Agreement* attached as **Exhibit B**.

18.  The Retail Installment Contract contains a warranty section which states, "Warranty information is provided to you separately." *See* **Exhibit B**.

19.  In addition to the Buyer's Order and the Installment Contract, Plaintiff entered in a Service Contract and Marine Connection Stimulus Package, (hereinafter, "Service Contract") in accordance with the attached documents. *See Stimulus Package Clauses* attached as **Exhibit C**.

20.  The Vessel experienced extensive and significant mechanical and other issues beginning almost immediately, including but not limited to the items attached as Exhibit D. *See Work List 1* attached as **Exhibit D**.

21.  On or about August 17, 2020, Plaintiff notified Marine Connection of certain defects by email.

22.  On or about August 19, 2020, Plaintiff sent a second, more detailed email to Marine Connection noting more issues.

23.  On or about August 25, 2020, Marine Connection made efforts to repair the Vessel.

24.  On or about September 9, 2020, Plaintiff emailed Marine Connection providing a more extensive list of deficiencies and defects.

25.  On or about September 16, 2020, Plaintiff emailed Marine Connection again noting the helm chair came free from its mount during normal operation.

26. On or about September 22, 2020, the Vessel was hauled out of the water and transported to the Cobia manufacturer, Maverick Boat Group.

27. On or about September 29, 2020, Steve Berry of Maverick Boat Group stated by email that, "We have inspected your boat and have a team dedicated to get the warranty work completed." *See Warranty Email* Attached as **Exhibit E**.

28. On or about October 7, 2020, the Plaintiff visited the Maverick Boat Group factory and discussed the Vessel issues with its senior executives.

29. On or about October 16, 2020, the Vessel returned to Islamorada.

30. On or about October 19, 2020, Plaintiff sent an email to Marine Connection communicating that the defects had not been cured by the work performed at the Maverick Boat Group factory and that the problems with the Vessel still existed.

31. The Vessel was totally inoperable as a result of these defects from October 19, 2020, through November 18, 2020.

32. On or about June 15, 2021, Plaintiff informed Marine Connection by email of fiberglass defects and ongoing windshield issues.

33. On or about July 20, 2021, Plaintiff sent a follow-up email to Marine Connection detailing additional and continuing issues the Vessel was experiencing, including defects that impacted the safety of the Vessel and required the Vessel to be removed from the water.

34. On or about November 12, 2021, the Vessel was delivered to Marine Connection for additional repairs.

35. On or about March 30, 2022, after spending more than five months at the Marine Connection repair facility, the Vessel was once again returned to the Plaintiff.

36.  On or about May 3, 2022, Plaintiff emailed Marine Connection to report problems with the Vessel's Seakeeper.

37.  On or about May 10, 2022, the Vessel was hauled out of the water and delivered to Starboard Marine in an effort to resolve the problems with the Vessel's Seakeeper.

38.  As a result, Vessel was out of service once again from May 10, 2022, until on or about August 1, 2022.

39.  On or a about August 2022, the Vessel experienced the catastrophic failure of its windshield.

40.  On or about August 17, 2022, the Vessel was hauled out and delivered to Marine Connection for repair, where is his remained out of service.

41.  Plaintiff was never provided with any written warranty information from either Defendant, despite the warranty clause in the Retail Installment Contract promising that "Warranty information is provided to you separately." *See* **Exhibit B**.

42.  Plaintiff sent numerous emails to both Defendants notifying them of the Vessel's defects and requesting repairs.

43.  Both Marine Connection and Maverick Boat Group attempted to correct the numerous problems with the Vessel, but the Vessel remains defective.

44.  Plaintiff notified Defendants that the Vessel's defects had not been corrected despite their months of efforts, that the problems were systemic and continuing, and requested a refund.

45.  The Vessel has been completely inoperable and unusable for (19) of the twenty-six (26) months of Plaintiff's ownership.

46.  The Vessel is inoperable as of the date of this filing.

## COUNT I- BREACH OF THE MAGNUSON MOSS WARRANTY ACT IMPLIED WARRANTY
## AGAINST MARINE CONNECTION

47.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

48.  The Vessel is a "consumer product" within the meaning of 15 U.S.C. §2301 because the Vessel is tangible personal property distributed into commerce and normally used for personal, family purposes.

49.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. §2301.

50.  Marine Connection is the merchant or seller of the Vessel within the meaning of 15 U.S.C. §2301 and Florida Statute §672.313.

51.  Defendants are "suppliers" of the consumer products to "consumers" and "warrantors" within the meaning of 15 U.S.C. §2301.

52.  Defendant entered into a "Service Contract" as defined by 15 U.S.C. §2301(8).

53.  Marine Connection made implied warranties regarding its Vessel to Plaintiff within the meaning of 15 U.S.C. §2301 as the Vessel was to pass without objection in the trade and be for the ordinary purpose of a Vessel of similar kind, price, and quality. Marine Connection made implied warranties that the Vessel was adequately and accurately built and could be used for the ordinary purpose of a Vessel of similar kind.

54.  Prior to purchase, at delivery, and after delivery, Marine Connection represented to the Plaintiff that the Vessel was capable, suitable, appropriate, and free of defects for the use intended by Plaintiff as a recreational vessel.

55.   The Vessel is subject to implied warranties, as any attempts to disclaim the implied warranties were void, do not apply, and/ or breached the Magnuson-Moss Warranty Act by failing to properly restrict, disclaim, or modify the implied warranties as outlined in 15 U.S.C §2308.

56.   After the initial delivery of the Vessel, with the promise of Defendant to repair all defects, the Plaintiffs learned that the Vessel was not designed, constructed, fabricated, manufactured, assembled, and/ or warranted as promised.

57.   The Vessel did not conform to the implied warranty of merchantability as the Vessel has extensive defects including, but not limited to, those already described and attached as **Exhibit B**.

58.   The Seller, Marine Connection, was given extensive opportunities to cure any defects as Plaintiff notified Seller of the issues within days of Delivery of the Vessel.

59.   Whenever new issues were discovered with the Vessel, Marine Connection was timely notified, and the issues were documented.

60.   Plaintiff provided the Vessel for repair numerous times; however, Marine Connection has never been able to cure the defects despite numerous attempts.

61.   The Plaintiff has allowed the Defendant more than a reasonable number of attempts to cure the defects. In fact, Vessel has been out of service for the nineteen (19) of the twenty-six (26) months of ownership.

62.   As a direct and proximate result of the Vessel's defects and the Defendant, Marine Connection's, breach of 15 U.S.C. 2301 *et seq*., Plaintiff has sustained and will continue to sustain substantial damages including, but not limited to:

   a.   All monies paid for the Vessel;

   b.   Out of pocket expenses for repairs and related costs;

  c. Loss of Vessel during the applicable period of time;

  d. Repairs and dockage fees

  e. Surveyor fees

  f. Interest

  g. Attorney fees and Costs; and

  h. All other damages and remedies to which Plaintiff is entitled under federal law.

  WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with 15 U.S.C §2310(d), and for such other and further relief that this Honorable Court deems just and proper.

## COUNT II- BREACH OF THE MAGNUSON MOSS WARRANTY ACT -EXPRESS WARRANTY
## AGAINST MARINE CONNECTION

  63. Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

  64. The Vessel is a "consumer product" within the meaning of 15 U.S.C. §2301 because the Vessel is tangible personal property distributed into commerce and normally used for personal, family purposes.

  65. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §2301.

  66. Marine Connection is the merchant or seller of the Vessel within the meaning of 15 U.S.C. §2301 and Florida Statute §672.313.

  67. Defendants are "suppliers" of the consumer products to "consumers" and "warrantors" within the meaning of 15 U.S.C. §2301.

68.  Defendant entered into a "Service Contract" as defined by 15 U.S.C. §2301(8).

69.  Upon information and belief, Marine Connection made express warranties regarding the quality of the Vessel which became the basis of the bargain and within the meaning of 15 U.S.C. §2301.

70.  Defendants reference work conducted under the express warranty. See **Exhibit E**.

71.  Upon information and belief, the Marine Connection failed to provide the express written warranty referenced in the Retail Installment Contract and Security Agreement as required under the Magnuson Moss Act 15 U.S.C. 2301 *et seq*. *See* **Exhibit B**.

72.  After the initial delivery of the Vessel, with the promise of Defendant to repair all defects, the Plaintiff learned that the Vessel was not designed, constructed, fabricated, manufactured, assembled, and/ or warranted as promised.

73.  Upon information and belief, due to the extensive and ongoing issues with the Vessel, the Vessel does not conform to express written warranty that should have been provided by Marine Connection. **Exhibit B**.

74.  The Seller, Marine Connection, was given extensive opportunities to cure any defects as Plaintiff notified Seller of the issues within days of Delivery of the Vessel.

75.  Whenever new issues were discovered with the Vessel, Marine Connection was timely notified, and the issues were documented.

76.  Plaintiff provided the Vessel for repair numerous times; however, Marine Connection has never been able to cure the defects despite numerous attempts at completing the "warranty work". **Exhibit D.**

77.  The Plaintiff has allowed the Defendant more than a reasonable number of attempts to cure the defects. In fact, Vessel has been out of service for the nineteen (19) of the twenty-six (26) months of ownership. '

78.  As a direct and proximate result of the Vessel's defects and the Defendant, Marine Connection's, breach of 15 U.S.C. 2301 *et seq*., Plaintiff has sustained and will continue to sustain substantial damages including, but not limited to:

    a.  All monies paid for the Vessel;

    b.  Out of pocket expenses for repairs and related costs;

    c.  Loss of Vessel during the applicable period of time;

    d.  Repairs and dockage fees

    e.  Surveyor fees

    f.  Interest

    g.  Attorney fees and Costs; and

    h.  All other damages and remedies to which Plaintiff is entitled under federal law.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with 15 U.S.C §2310(d), and for such other and further relief that this Honorable Court deems just and proper.

### COUNT III-BREACH THE MAGNUSON MOSS WARRANTY ACT-IMPLIED WARRANTY AGAINST MAVERICK BOAT GROUP INC.

79.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

80. Plaintiff and Defendant, Maverick Boat Group, were in contractual privity with one another as Plaintiff purchased the Vessel from an agent of Maverick Boat Group, Plaintiff was the intended consumer of the Vessel, Defendant regularly had direct contact with the Plaintiff and agreed to undertake warranty work for the subject Vessel. *See* **Exhibit E**.

81. The Vessel is a "consumer product" within the meaning of 15 U.S.C. §2301 and Florida Statute §672.313 because the Vessel is tangible personal property distributed into commerce and normally used for personal, family purposes.

82. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §2301.

83. Maverick is a manufacturer, supplier, merchant, or seller of the Vessel within the meaning of 15 U.S.C. §2301 and Florida Statute §672.313 as it designed and manufactured the Vessel.

84. Defendants are "suppliers" of the consumer products to "consumers" and "warrantors" within the meaning of 15 U.S.C. §2301.

85. Maverick Boat Group made implied warranties regarding its Vessel to Plaintiff within the meaning of 15 U.S.C. §2301 as the Vessel was to pass without objection in the trade and be for the ordinary purpose of a Vessel of similar kind, price, and quality. Marine Connection made implied warranties that the Vessel was adequately and accurately built and could be used for the ordinary purpose of a Vessel of similar kind.

86. The Vessel is subject to implied warranties, as any attempts to disclaim the implied warranties were void, do not apply, and/ or breached the Magnuson-Moss Warranty Act by failing to properly restrict, disclaim, or modify the implied warranties as outlined in 15 U.S.C §2308.

87. The Vessel did not conform to the implied warranty of merchantability as the Vessel has extensive defects including, but not limited to, those already described and attached as **Exhibit B**.

88. Maverick Boat Group Inc. was readily notified of the defects by Plaintiff and Marine Connection. Maverick Boat Group was provided extensive opportunities to cure those defects.

89. Plaintiff provided the Vessel for repair numerous times; however, Maverick Boat Group has never been able to cure the defects in the years of ownership, despite numerous attempts.

90. As a direct and proximate result of the Vessel's defects and the Defendant, Maverick Boat Group's, breach of Implied Warranty under 15 U.S.C. 2301, Plaintiff has sustained and will continue to sustain substantial damages including, but not limited to:

    a.  All monies paid for the Vessel;

    b.  Out of pocket expenses for repairs and related costs;

    c.  Loss of Vessel during the applicable period of time;

    d.  Repairs and dockage fees

    e.  Surveyor fees

    f.  Interest

    g.  Attorney fees and Costs; and

    h.  All other damages and remedies to which Plaintiff is entitled under Federal Law.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, MAVERICK BOAT GROUP INC., for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with 15 U.S.C §2310(d), and for such other and further relief that this Honorable Court deems just and proper.

<u>COUNT IV- BREACH OF THE MAGNUSON MOSS WARRANTY ACT EXPRESS
WARRANTY
AGAINST MAVERICK BOAT GROUP</u>

91.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

92.  The Vessel is a "consumer product" within the meaning of 15 U.S.C. §2301 because the Vessel is tangible personal property distributed into commerce and normally used for personal, family purposes.

93.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. §2301.

94.  Maverick is a manufacturer, supplier, merchant, or seller of the Vessel within the meaning of 15 U.S.C. §2301 and Florida Statute §672.313 as it designed and manufactured the Vessel.

95.  Defendants are "suppliers" of the consumer products to "consumers" and "warrantors" within the meaning of 15 U.S.C. §2301.

96.  Defendant entered into a "Service Contract" as defined by 15 U.S.C. §2301(8).

97.  Upon information and belief, Maverick made express warranties regarding the quality of the Vessel which became the basis of the bargain and within the meaning of 15 U.S.C. §2301.

98.  Defendants reference work conducted under the express warranty. See **Exhibit E**.

99.  Upon information and belief, Maverick failed to provide the express written warranty referenced in the Retail Installment Contract and Security Agreement as required under the Magnuson Moss Act 15 U.S.C. 2301 *et seq*. *See* **Exhibit B**.

100.  After the initial delivery of the Vessel, with the promise of Defendant to repair all defects, the Plaintiffs learned that the Vessel was not designed, constructed, fabricated, manufactured, assembled, and/ or warranted as promised.

101.  Upon information and belief, due to the extensive and ongoing issues with the Vessel, the Vessel does not conform to express warranties from the Defendant that should have been provided by Defendant. **Exhibit B**.

102.  The Manufacturer, Maverick, was given extensive opportunities to cure any defects as Plaintiff notified Seller and Manufacturer of the issues within days of Delivery of the Vessel.

103.  Whenever new issues were discovered with the Vessel, Marine Connection was timely notified, and the issues were documented.

104.  Plaintiff provided the Vessel for repair numerous times; however, Marine Connection has never been able to cure the defects despite numerous attempts at completing the "warranty work." **Exhibit D.**

105.  The Plaintiff has allowed the Defendant more than a reasonable number of attempts to cure the defects. In fact, Vessel has been out of service for the nineteen (19) of the twenty-six (26) months of ownership.

106.  As a direct and proximate result of the Vessel's defects and the Defendant, Maverick's, breach of 15 U.S.C. 2301 *et seq*., Plaintiff has sustained and will continue to sustain substantial damages including, but not limited to:

      a.  All monies paid for the Vessel;

      b.  Out of pocket expenses for repairs and related costs;

      c.  Loss of Vessel during the applicable period of time;

      d.  Repairs and dockage fees

      e.  Surveyor fees

      f.  Interest

      g.  Attorney fees and Costs; and

h.  All other damages and remedies to which Plaintiff is entitled under federal law.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, MAVERICK BOAT GROUP, INC. for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with 15 U.S.C §2310(d), and for such other and further relief that this Honorable Court deems just and proper.

## COUNT V -BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER Fla. Stat. §672.314 *et seq.* AGAINST MARINE CONNECTION

107.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

108.  Plaintiff and Defendant, Marine Connection, were in contractual privity with one another when the agent formed a binding contract, the Retail Installment Contract and Security Agreement, between the principal, Marine Connection and the purchaser, the Plaintiff. *See* **Exhibit B.**

109.  Defendant, Marine Connection, is a merchant with respect to recreational vessels pursuant to Florida Statute §672.104.

110.  Marine Connection impliedly warranted that the product was fit for ordinary purposes for which such goods, recreational vessels, are used.

111.  In purchasing the Vessel, Plaintiff relied on the implied warranty of merchantability.

112.  Within days after delivery of the Vessel, the Vessel began to fail and was unfit for the ordinary use of a recreational vessel.

113.  Upon discovery of the defects, Plaintiff documented and notified Marine Connection of the issues, and continued to notify Marine Connection as issues continued to arise and were not resolved despite numerous attempts to cure the defects.

114.  Notice of the findings of the Vessels defects were provided to Marine Connection within a reasonable time after the discovery of the Vessel's defects pursuant to Fla. Stat. §672.607(3)(a).

115.  The implied warranty of merchantability was breached as alleged herein with respect to the defects found on the Vessel because the Vessel cannot pass without objection in the trade under the contract description; because it is not fit for the ordinary purposes for which such goods are used;  because the Vessel does not run of even kind, quality and quantity within the model and amongst all models of this Vessel; and because the Vessel does not conform to the promise or affirmations of fact made on the specifications.

116.  The Vessel is subject to implied warranties as any attempts to disclaim the implied warranties were void and/or do not apply.

117.  As a direct and proximate result of the nonconformity and deficiencies in design, construction, fabrication, manufacturing and/or assembly of the Vessel, the Plaintiff has suffered substantial damages, including but not limited to:

      i.   All monies paid;

      j.   The value of the defective Vessel items;

      k.   Loss of use of the Vessel during the applicable period of time;

      l.   Interest;

      m.   Attorney's Fees and Costs; and

      n.   All other damages and remedies.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, for all damages including consequential and incidental damages, interest, and attorney's fees and costs in

accordance with Fla. Stat. 672.314, et al., and for such other and further relief that this Honorable

Court deems just and proper.

## COUNT VI -BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER Fla. Stat. §672.314 *et seq.* AGAINST MAVERICK BOAT GROUP

118.   Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth

herein.

119.   Plaintiff and Defendant, Maverick Boat Group, were in contractual privity with one

another as Plaintiff purchased the Vessel from an agent of Maverick Boat Group, Plaintiff was the

intended consumer of the Vessel, Defendant regularly had direct contact with the Plaintiff and

agreed to undertake warranty work for the subject Vessel. *See* **Exhibit E**.

120.   Defendant is a merchant with respect to recreational vessels pursuant to Florida

Statute §672.104.

121.   Marine Connection impliedly warranted that the product was fit for ordinary purposes

for which such goods, recreational vessels, are used.

122.   In purchasing the Vessel, Plaintiff relied on the implied warranty of merchantability.

123.   Within days after delivery of the Vessel, the Vessel began to fail and was unfit for

the ordinary use of a recreational vessel.

124.   Upon discovery of the defects, Plaintiff documented and notified Maverick Boat

Group of the issues, and continued to notify Maverick Boat Group as issues continued to arise and

were not resolved despite numerous attempts to cure the defects.

125.   Notice of the findings of the Vessels defects were provided to Maverick Boat Group

within a reasonable time after the discovery of the Vessel's defects pursuant to Fla. Stat.

§672.607(3)(a).

126.  The implied warranty of merchantability was breached as alleged herein with respect to the defects found on the Vessel because the Vessel cannot pass without objection in the trade under the contract description; because it is not fit for the ordinary purposes for which such goods are used;  because the Vessel does not run of even kind, quality and quantity within the model and amongst all models of this Vessel; and because the Vessel does not conform to the promise or affirmations of fact made on the specifications.

127.  The Vessel is subject to implied warranties as any attempts to disclaim the implied warranties were void and/or do not apply.

128.  As a direct and proximate result of the nonconformity and deficiencies in design, construction, fabrication, manufacturing and/or assembly of the Vessel, the Plaintiff has suffered substantial damages, including but not limited to:

      o.  All monies paid;

      p.  The value of the defective Vessel items;

      q.  Loss of use of the Vessel during the applicable period of time;

      r.  Interest;

      s.  Attorney's Fees and Costs; and

      t.  All other damages and remedies.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, MAVERICK BOAT GROUP INC., for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with Fla. Stat. §672.314, et al., and for such other and further relief that this Honorable Court deems just and proper.

## COUNT VII -REVOCATION OF ACCEPTANCE AGAINST MARINE CONNECTION

129.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

130.  The cause of action alleged in this count is brought pursuant to Fla. Statute §672.608, et al.

131.  The Plaintiff was in direct contractual privity with the Defendant, Marine Connection, with respect to the sale of the Vessel through the Retail Installment Contract. *See* **Exhibit B**.

132.  Prior to the purchase, during delivery, and after delivery, Marine Connection represented to the Plaintiff that the Vessel was capable, suitable, appropriate, and/or free of defects for the use intended by the Plaintiff as a recreational vessel.

133.  After the initial delivery of the Vessel with the promise of the Defendant to repair all defects with the inducement of a Service Contract, the Plaintiff learned that the Vessel was not designed, constructed, fabricated, manufactured, assembled and/or warranted as promised.

134.  The nonconformity and deficiencies in design, construction, fabrication, manufacturing, and/or assembly are significant, have directly and substantially impaired the value of the Vessel, and rendered the Vessel essentially unusable.

135.  The Plaintiff was not sold the goods it bargained for and has, therefore, been damaged to the full extent of the purchase price, consequential and incidental costs, as well as attorney's fees pursuant to statute.

136.  Notice of the discovery of the Vessel defects were provided to Marine Connection within a reasonable time after the discovery of the Vessel defects pursuant to Fla. Stat. §672.607(3)(a). Based on the above allegations, Plaintiff asserted revocation of acceptance and

breach of implied warranties after the defects with the Vessel were discovered and recognized as incurable.

137.  As a direct and proximate result of the nonconformity and deficiencies in design, construction, fabrication, manufacturing and/or assembly of the Vessel, the Plaintiff has suffered substantial damages, including but not limited to:

u.  All monies paid to Marine Connection;

v.  The value of the defective Vessel items;

w.  Loss of use of the Vessel during the applicable period of time;

x.  Interest;

y.  Attorney's Fees and Costs; and

z.  All other damages and remedies

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, for all damages including consequential and incidental damages, interest, and attorney's fees and costs in accordance with Fla. State 672.608, et al., and for such other and further relief that this Honorable Court deems just and proper.

## COUNT VIII-UNJUST ENRICHMENT AGAINST MARINE CONNECTION

138.  Plaintiff re-alleges the allegations set forth in paragraphs 1- 46 as if fully set forth herein.

139.  In the alternative, this is an action for unjust enrichment.

140.  Plaintiff conferred a benefit on the Defendant, Marine Connection, through the payment of the purchase price of the Vessel.

141.  The Defendant, Marine Connection, voluntarily retained and accepted this benefit.

142.  The failure of the Defendant to provide the Vessel to the Plaintiff as represented for the use as intended by the Plaintiff as a recreational vessel makes it inequitable for the Defendant to retain the value of the benefit conferred.

WHEREFORE, the Plaintiff, SAINT TONY LLC, demands judgment against the Defendant, SUPER BOATS & YACHTS LLC d/b/a MARINE CONNECTION, for all damages including consequential and incidental damages, interest, and attorney's fees and costs, and for such other and further relief that this Honorable Court deems just and proper.

Dated: November 9, 2023                    Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
michael@moore-and-co.com
mbode@moore-and-co.com

s/ Madison B. Bode
Madison B. Bode, Esq.
Florida Bar No.1026548
Michael T. Moore, Esq.
Florida Bar No. 207845